# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DYVEX INDUSTRIES, INC.,** | : |
| Plaintiff, | : |
| v. | : |
| **AGILEX FLAVORS & FRAGRANCES, INC., et al.,** | : Civil No. 12-CV-0979 |
| Defendants and Third Party Plaintiffs, | : (JUDGE MANNION) |
| v. | : |
| **BUSS, INC. & FRANK MANCHIO,** | : |
| Third Party Defendants | : |

## MEMORANDUM

Pending before the court is a motion to dismiss filed by defendant Frank Manchio, (Doc. No. 17), in response to a third-party complaint jointly filed by Agilex Flavors & Fragrances, Aroma Tech, and Aromatic Technologies. (Doc. No. 5.) Because Agilex, Aroma Tech, and Aromatic concede that the claims being challenged in the motion should be dismissed or otherwise fail to properly address them, (Doc. No. 21, at 12; Doc. No. 22, at 11), the court will **GRANT** the motion **IN ITS ENTIRETY**. As such, the third-party claims for indemnity will be **DISMISSED**, and the third-party claims for contribution will be **DISMISSED** as to breach of contract and breach of warranty. Furthermore, because the motion for dismissal of punitive damages is unopposed, (Doc. No. 18, at 10-13; Doc. No. 20, at 11-14), the court will **DISMISS** them under

all surviving claims.

## **BACKGROUND**

This case arises out of an industrial fire that was allegedly caused by defective polymer fragrance oil used by Dyvex as an ingredient to manufacture "fragrance concentrate products." (Doc. No. 1, at 4.) On June 3, 2010, Dyvex was using the oil in the manufacturing process when it caught fire and "caused extensive damage" to the plant and surrounding property. (Doc. No. 1, at 4.) Dyvex sued defendants Agilex, Aroma Tech, and Aromatic Technologies, all companies "engaged in the business of formulating, producing, selling and distributing" the scented oil that allegedly caused the fire. (Doc. No. 1, at 2-3.) These entities subsequently filed a third-party complaint against Buss, Inc., the corporation that "designed, manufactured, [and] distributed" the machine used in production, alleging that it malfunctioned and caused the fire. (Doc. No. 5, at 22-23.) They also filed a third-party complaint against Frank Manchio, the "agent, employee, workman and/or servant of Dyvex" who was operating the machine at the time of the fire, claiming his "negligence, carelessness, and recklessness" caused the fire. (Doc. No. 5, at 23.)

The original complaint stated claims for negligence, strict liability, breach of contract, and breach of warrant, and included a request for punitive damages. (Doc. No. 1, 4-10.) The third-party complaint essentially mirrored these allegations, asserting indemnity and contribution claims for negligence,

2

strict liability, breach of contract, and breach of warranty and a demand for punitive damages against defendants Buss and Manchio. (Doc. No. 5, at 22-25.) These claims were framed under a theory of "sole and direct" liability as well as "vicarious and/or secondary" liability. (Doc. No. 5, at 23-24.)

On October 3, 2012, third-party defendant Manchio filed a motion to dismiss, (Doc. No. 17), and, on October 8, 2012, Buss also filed a motion to dismiss. (Doc. No. 19.) Subsequently, defendant Buss filed a praecipe to withdraw the motion to dismiss, (Doc. No. 27), and several stipulations agreed upon by third-party plaintiffs and Buss (Doc. No. 28). As for the remaining motion to dismiss, Manchio contends that third-party plaintiffs improperly stated a claim for direct liability in violation of Rule 14(a)(1) of the Federal Rules of Civil Procedure. (Doc. No. 18, at 6-7; Doc. No. 20, at 6-7.) He further argues that the claims for indemnity should be dismissed in their entirety and the claims for contribution should be dismissed as to the breach of contract and breach of warranty claims. (Doc. No. 18, at 7-10; Doc. No. 20, at 8-11.) Finally, Manchio moves for dismissal of the request for punitive damages, arguing that third-party plaintiffs have failed to state a claim for which punitive damages may be awarded. (Doc. No. 18, at 10-13; Doc. No. 20, at 11-14.)

**STANDARD OF REVIEW**

Defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be

3

granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

## **DISCUSSION**

Third-party defendant Frank Manchio moves to dismiss third-party plaintiffs' claims for direct liability and indemnification, the contribution claims that rely on theories of breach of contract and breach of warranty, and the demand for contribution of punitive damages. (Doc. No. 18, at 5; Doc. No. 20,

4

at 5,11.) He does not challenge the contribution claims for negligence and strict liability. Because third-party plaintiffs concede that the claims addressed in the motion should be dismissed, the court will **GRANT** the motion in its **ENTIRETY**.

Defendant Manchio first argues that third-party plaintiffs have attempted to plead a claim of "sole and direct" liability and that Federal Rule 14(a)(1) restricts third-party claims to those asserting "derivative or secondary liability." (Doc. No. 18, at 7; Doc. No. 20, at 6-7.) Third-party plaintiffs disagree with defendant's classification of its claims, arguing, "Agilex agrees that claims under Rule 14 are limited to claims of derivative or secondary liability claims. These are the exact claims that Agilex asserts against [the third-party defendants]." (Doc. No. 22, at 11.)

Federal Rule of Civil Procedure 14, the rule governing third-party practice in federal court, provides, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). To assert a claim under Rule 14(a)(1), the third-party liability must be entirely dependant on the impleader's liability to the original plaintiff. One court succinctly stated:

> The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. Third-party liability must depend on the outcome of the main claim and derive from defendant's liability to the plaintiff in the main action so that, if the

third-party plaintiff is found liable, the third-party defendant will be liable to the third-party plaintiff under a theory of indemnification, contribution, or some other theory of derivative liability recognized by the relevant substantive law. Rocuba v. Mackrell, 10-CV-1465, 2011 WL 5869787, *1 (M.D.Pa. 2011)

The issue for disposition, therefore, is whether third-party plaintiffs improperly alleged direct liability in violation of Rule 14(a). Their complaint states:

> 9. Any and all losses and damages allegedly sustained by plaintiff were the **sole and direct** result of the negligence and/or strict liability of BUSS, INC. in the design, manufacturing, and maintenance of the kneader machine, kneader system and/or control system sold, distributed and supplied to plaintiff.
> 10. Any and all losses and damages allegedly sustained by plaintiff were the **sole and direct** result of the negligence, carelessness, and recklessness of Frank Manchio in the preparation, condition, operation, maintenance, or repair of the kneader machine, kneader system and/or control system allegedly involved in the subject incident. (Doc. No. 5, at 23 (emphasis added)).

Use of the word "direct" seems to indicate an assertion of direct liability between plaintiff Dyvex and third-party defendants. Agilex and the other third-party plaintiffs argue, however, that they are only seeking contribution and indemnity and, therefore, only intended to plead derivative liability. They point to page twenty-five of the complaint which states:

> Although Agilex Flavors & Fragrances, Inc., Aromatic Technologies, Inc., and Aroma Tech deny any and all liability to plaintiff in this action, in the event Agilex Flavors & Fragrance, Inc., Aromatic Technologies, Inc., and Aroma Tech are found to be liable to plaintiff, Agilex Flavors & Fragrances, Inc., Aromatic Technologies, Inc., and Aroma Tech asserts that such liability is non-existent, **vicarious and/or secondary** only, and that **primary**

6

**liability** is that of Third Party Defendants, as joint tortfeasors, and that Agilex Flavors & Fragrances, Inc., Aromatic Technologies, Inc., and Aroma Tech are entitled to common law **contribution and indemnification** from Third Party Defendants for the full amount of any judgment which may be rendered against it. (Doc. No. 5, at 25 (emphasis added)).

After reviewing these allegations, the court cannot conclude, as defendant argues, that plaintiff is pleading an improper direct liability claim. It is true that third-party plaintiffs use the word "direct" to describe Manchio's liability, but they clarify that they are only alleging "vicarious and/or secondary" liability a few paragraphs later. Furthermore, they are suing under theories of contribution and indemnification, both of which would require Manchio to compensate third-party plaintiffs, not the original plaintiff Dyvex. Therefore, the complaint is not improperly alleging direct liability in violation of Rule 14(a). To the extent that third-party plaintiffs may have attempted to bring a direct liability claim, however, the motion is **GRANTED** and the claim **DISMISSED**.

Defendant Manchio next moves for dismissal of the indemnity claims and several of the contribution claims. (Doc. No. 18, at 7-10; Doc. No. 20, at 8-11.) Third-party plaintiffs concedes that they may not sue for indemnity under breach of contract, negligence, breach of warranty, or strict liability and that they may not seek indemnity for punitive damages. They also acknowledge that they may not seek contribution under theories of breach of contract or breach of warranty. Defendant's motion is therefore **GRANTED** as to these claims. All that remains are plaintiffs' claims for contribution under

7

theories of negligence and strict liability and the accompanying request for punitive damages.

There seems to be some confusion among the parties concerning these remaining claims. Third-party plaintiffs appear to believe that defendant Manchio is seeking dismissal of all of the contribution claims. (Doc. No. 21, at 12; Doc. No. 22, at 11-12.) After reviewing the motion and accompanying briefs, the court is unable to reach this conclusion. Defendant Manchio states:

> Accordingly, Third Party Defendant Manchio respectfully requests this Honorable Court dismiss Agilex's claim for contribution in Counts I and II of the Third Party Complaint as against Manchio, only, on the theories of breach of contract and breach of warranty, with prejudice, for failure to state a cause of action upon which relief may be granted. (Doc. No. 18, at 10.)

Nowhere in either brief can the court find any language indicating, either explicitly or implicitly, that defendant seeks dismissal of the contribution claims for negligence or strict liability. Therefore, the court will construe these claims as unchallenged by the motion to dismiss.

Finally, defendant moves for dismissal of the request for contribution of punitive damages on all claims, arguing that plaintiffs have failed to plead "specific facts to show that any action or failure to act by Manchio created a high degree of risk of physical harm [and] . . . conscious disregard of that risk." (Doc. No. 18, at 10-13; Doc. No. 20, at 11-14.) Defendant, therefore, requests that the court dismiss the demand for punitive damages in its entirety. Plaintiffs acknowledge defendant's argument regarding punitive damages but fail to object or provide the court with any arguments against

dismissal, thereby conceding to this part of the motion. (Doc. No. 21, at 12-13; Doc. No. 22, at 4-5.) Therefore, the motion to dismiss punitive damages will be **GRANTED**.

                                                s/ *Malachy E. Mannion*
                                                **MALACHY E. MANNION**
                                                **United States District Judge**

**DATE**:  August 26, 2013

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-979-01.wpd