**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DYVEX INDUSTRIES, INC.,** | : | |
|    **Plaintiff,** | : | |
|    v. | : | |
| **AGILEX FLAVORS &** **FRAGRANCES, INC., et al.,** | : | Civil No. 12-CV-0979 |
| | : | |
|    **Defendants and** **Third Party Plaintiffs,** | : | **(JUDGE MANNION)** |
|    v. | : | |
| **FRANK MANCHIO,** | : | |
|    **Third Party Defendant** | : | |

**MEMORANDUM**

Pending before the court is third-party defendant Frank Manchio's motion for summary judgment, pursuant to Fed.R.Civ.P. 56, as to the third-party complaint, (Doc. No. 5, at 22-27), filed against him by original defendants/third-party plaintiffs Agilex Flavors & Fragrances, Inc., Aromatic Technologies, Inc. and Aroma Tech (collectively referred to as "Agilex"). (Doc. No. 69). Because Agilex does not oppose the dismissal of third-party defendant Manchio individually, and concedes that the motion should be granted in this respect, (Doc. No. 77), the court will **GRANT** the motion. As such, the third-party defendant Manchio will be **DISMISSED**. Thus, the only remaining claim with respect to the third-party complaint is that original plaintiff Dyvex Industries, Inc. ("Dyvex") is vicariously liable for the acts of its

employees, including Manchio, while they acted within the scope of their employment and under direction of plaintiff.[1]

I.   **BACKGROUND**[2]

The underlying case arises out of an industrial fire that was allegedly caused by defective polymer fragrance oil used by Dyvex as an ingredient to manufacture "fragrance concentrate products." (Doc. No. 1, at 4). On June 3, 2010, Dyvex was using the oil in the manufacturing process when it caught fire and "caused extensive damage" to the plant and surrounding property, rendering its building unusable and causing its business operations to halt. (Doc. No. 1, at 4). Dyvex sued defendants Agilex, all companies "engaged in the business of formulating, producing, selling and distributing" the scented oil that allegedly caused the fire. (Doc. No. 1, at 2-3). Dyvex alleged, in part, that defendants Agilex were negligent and that their product was defective. (Doc. No. 1, 4-10). Agilex filed their answer with affirmative defenses to Dyvex's complaint, and a third-party complaint against BUSS and Manchio on August 7, 2012. (Doc. No. 5). Agilex's third-party complaint alleged that BUSS

---

[1]The other third-party defendant, BUSS, Inc. ("BUSS"), was dismissed from this action with prejudice via stipulation and court order on March 30, 2015. (Doc. No. 59, Doc. No. 60).

[2]For the most part, the court limits the background to the third-party complaint and its parties.

2

was the corporation that "designed, manufactured, [and] distributed" the kneader machine used in production by Dyvex, and that this machine malfunctioned and caused the fire. (Doc. No. 5, at 22-23.) The third-party complaint also alleged that Manchio was the "agent, employee, workman and/or servant of Dyvex" who was operating the kneader machine at the time of the fire, and that his "negligence, carelessness, and recklessness" caused the fire. (Doc. No. 5, at 23).

The original complaint of Dyvex stated claims for negligence, strict liability, breach of contract, and breach of warrant, and included a request for punitive damages. (Doc. No. 1, 4-10). The third-party complaint essentially mirrored these allegations, asserting indemnity and contribution claims for negligence, strict liability, breach of contract, and breach of warranty and a demand for punitive damages against third-party defendants BUSS and Manchio. (Doc. No. 5, at 22-25). These claims were framed under a theory of "sole and direct" liability against the third-party defendants as well as "vicarious and/or secondary" liability against Dyvex with respect to the acts of its employees. (Doc. No. 5, at 23-24).

In particular, third-party plaintiffs Agilex alleged that during all relevant times, Manchio was working as an employee for Dyvex and was operating the kneader machine at issue pursuant to the direction and supervision of his employer. It is also alleged that he was acting within the course and scope of his employment at the time of the incident. At the time of the fire, Agilex

3

alleged that Manchio was insured under a commercial policy of insurance issued to Dyvex by Nationwide Mutual Insurance Company ("Nationwide"), the subrogor and party in interest in this matter. Further, it was alleged that Manchio was working alone and operating the kneader machine that allegedly caught fire and caused the resulting damage to the building and its contents. According to Agilex, Manchio was not properly trained to operate the kneader machine and he was never given any technical information about the oil he was processing at Dyvex. Agilex alleged that the fire at Dyvex was caused by Manchio's negligence when he used, transported, handled, stored, applied, and disposed of the fragrance oil at issue. Thus, Agilex maintained that the cause of the fire was the improper manufacturing methods employed by Dyvex and its machine operator, Manchio, and that the unsafe manufacturing practices at Dyvex contributed to the spread of the fire and the resulting damages.

On October 3, 2012, third-party defendant Manchio filed a motion to dismiss, (Doc. No. 17), alleging that third-party plaintiffs Agilex improperly stated a claim for direct liability in violation of Fed.R.Civ.P. 14(a)(1). He further argued that the claims for indemnity should be dismissed in their entirety and the claims for contribution should be dismissed as to the breach of contract and breach of warranty claims. Manchio also moved for dismissal of the request for punitive damages. He did not challenge the contribution claims for negligence and strict liability.

4

On August 26, 2013, the court issued a memorandum and an order granting the motion to dismiss of third-party defendant Manchio in its entirety. (Doc. Nos. 32, 33). Specifically, Agilex's direct liability claims against Manchio were dismissed as well as their indemnity claims and their contribution claims regarding breach of contract and breach of warranty. Further, the motion was granted as to all requests for punitive damages.

On October 13, 2015, third-party defendant Manchio filed a motion for summary judgment with respect to the third party complaint filed against him by Agilex pursuant to Fed.R.Civ.P. 56. (Doc. No. 69). He also filed his brief in support, (Doc. No. 70), on the same day. Contrary to Local Rule 56.1, M.D.Pa., he failed to file a separate statement of material facts. In his motion, Manchio moves for summary judgment on the remaining claims by Agilex that he is directly or solely liable to Dyvex, on the grounds that their third-party complaint fails to state a claim upon which relief can be granted. Specifically, he contends that the third-party complaint improperly seeks to impose liability on him as an employee of Dyvex on a subrogation claim of Dyvex's insurer, i.e., Nationwide. Manchio's motion is largely based on the pleadings filed in this case and not on evidence in the record. However, on November 25, 2015, third-party plaintiffs Agilex re-filed their brief in opposition to Manchio's motion, (Doc. No. 77), conceding to the granting of the motion to the extent it seeks the dismissal of Manchio individually.

## II. STANDARD OF REVIEW

Manchio's motion for summary judgment is brought pursuant to the provisions of Fed.Civ.P. 56. Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Casualty & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249 ; *see also* Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a

genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); *see also* Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007); Watson v. Eastman Kodak Co., 235 F.3d 851, 858 (3d Cir. 2000) (the non-movant must establish the existence of each element on which it bears the burden of proof).

**III.      DISCUSSION**

Third-party defendant Manchio, despite styling his motion as one for summary judgment, essentially moves to dismiss the remaining third-party

claims against him. As stated, the remaining third-party claims against Manchio are for contribution regarding the underlying negligence and strict liability claims Dyvex asserted against Agilex. Manchio argues that the third-party complaint violates Rule 14(a) since it alleges that he is directly or solely liable to the original plaintiff Dyvex as opposed to alleging that he is liable to Agilex defendants for Dyvex's claims against them. Specifically, the third-party complaint alleges that "[a]ny and all losses and damages allegedly sustained by plaintiff were the sole and direct result of the negligence, carelessness, and recklessness of Frank Manchio" regarding his operation, maintenance, or repair of the kneader machine. (Doc. No. 5, at 23, ¶ 10). With respect to the remaining third-party claims of Agilex, Manchio states that they are improper since Dyvex cannot recover on a subrogation claim against him as its own employee. Because Agilex defendants concede that the remaining claims against Manchio individually should be dismissed, the court will **GRANT** the motion and **DISMISS** these remaining third-party claims of Agilex.

There is no dispute that at the time of the fire, Manchio was insured under a commercial insurance policy issued to Dyvex by Nationwide, which is the subrogor in this case. It is also undisputed that Manchio, as an employee of Dyvex, the insured, is not a subrogor. Agilex states that Manchio was properly impleaded in the instant matter in accordance with the provisions of Fed.R.Civ.P. 14 and that his liability, as an insured, will reduce or bar the recovery of Dyvex as well as Nationwide on a subrogation claim

since they cannot recover directly from its own insured.[3] As such, Agilex states "[s]ince it is undisputed that [Manchio] was an employee of [Dyvex] at the time of the incident, [Agilex] will not oppose, on that basis, the dismissal of Third-Party Defendant Frank Manchio individually." (Doc. No. 77 at 5).

Moreover, the court agrees with Manchio that the remaining third-party claims Agilex asserted against him individually should be dismissed since "the acts of the Insured [i.e., Dyvex and its employees] are part of an affirmative defense for the Defendant [i.e., Agilex] as to the cause of the fire and not a basis for liability against the third party." (Doc. No. 70, at 6-7). *See* Wausau Underwriters Ins. v. Shisler, 1999 WL 529250 (E.D.Pa. 1999). The court finds that the *Wausau* case is well reasoned and persuasive, and Agilex does not suggest otherwise. As in *Wausau*, the court will dismiss the remaining third-

---

[3] As the court stated in its August 26, 2013 memorandum, Rule 14, which governs third-party practice in federal court, provides, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). To assert a claim under Rule 14(a)(1), the third-party liability must be entirely dependant on the impleader's liability to the original plaintiff. Thus, if the third-party plaintiff is found liable on the main claim, the third-party defendant will be liable to the third-party plaintiff under a recognized theory of derivative liability. *See* Rocuba v. Mackrell, 2011 WL 5869787, *1 (M.D.Pa. 2011); Hartford Cas. Ins. Co. v. ACC Meat Co., LLC, 2011 WL 398087, *1 (M.D.Pa. Feb. 2, 2011) ("A third-party plaintiff may only use Rule 14(a) to implead a third-party defendant who is, or may be, liable to the third-party plaintiff derivatively or secondarily.") (citation omitted). "Joinder is unavailable when a defendant seeks to join a third party who is or may be liable only to the plaintiff." *Id*.

party claims of Agilex insofar as they seek to impose contribution against Manchio, who is insured by Nationwide, on a subrogation claim. As the *Wausau* Court found, such claims are merely affirmative defenses and not a claim for recovery by the defendant. In a subrogation action, Nationwide is subject to any defenses which Agilex has against Dyvex and Manchio since it stands in the shoes of Dyvex and Manchio. As such, the contributory negligence of Dyvex and Manchio as the insureds could be asserted by Agilex as a defense against Nationwide as the insurer. Thus, any finding of liability by Dyvex and Manchio will reduce or preclude Nationwide's recovery from Agilex on the subrogation claim. *See* [Wausau,1999 WL 529250, \*4](#) ("an insurer cannot subrogate against its own insured") (citations omitted); *see also* [USAA Cas. Ins. Co. v. Metropolitan Edison Co., 2013 WL 2403309, \*3 (M.D.Pa. May 31, 2013)](#) ("Any affirmative defense that [third-party plaintiff] MedEd has arising out of [property owner's] conduct [allegedly causing fire] must be asserted against [owner's insured], rather than against [owner].").

## IV. <u>CONCLUSION</u>

The summary judgment motion of Manchio, (Doc. No. [69](#)), will be **GRANTED**, and the remaining third-party claims of Agilex against him individually will be **DISMISSED**. Since no claims remain against Manchio, he

will be **DISMISSED**. An appropriate order will issue.

        s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE**: **December 4, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-979-02.wpd