# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DYVEX INDUSTRIES, INC.,** | : | |
| **Plaintiff,** | : | Civil No. 12-CV-979 |
| v. | : | (JUDGE MANNION) |
| **AGILEX FLAVORS & FRAGRANCES, INC., et al.,** | : | |
| | : | |
| **Defendants** | | |

## M E M O R A N D U M

## I. BACKGROUND

On February 27, 2018, the court issued a Memorandum and Order, which denied Agilex's motion for summary judgment regarding spoliation, (Doc. 106), insofar as Agilex sought the dismissal of Dyvex's remaining claims, and it granted Agilex's motion insofar as Agilex sought a jury instruction at trial regarding the spoliation inference. (Docs. 154 & 155). On March 16, 2018, Dyvex filed an untimely motion for reconsideration of the court's stated Memorandum and Order, combined with a brief in support.[1] (Doc. 160). Agilex filed briefs in opposition on March 29, 2018. (Docs. 168 & 169). Dyvex filed a reply brief on April 4, 2018. (Doc. 171).

Based on the filings of the parties and the court's review of its February 27, 2018 Memorandum, it will **DENY** Dyvex's motion.

---

[1]Since the full procedural history of this case as well as the facts were stated in the court's February 27, 2018 Memorandum as well as its other decisions regarding the dispositive motions of the parties, they shall not be repeated herein. Nor does the court repeat the full names of the parties.

## II. STANDARD OF REVIEW

A motion for reconsideration may be used to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if previously discovered, might have affected the court's decision. *United States el rel. Schumann v. Astrazeneca Pharmaceuticals, L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (citing *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999)); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must demonstrate at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). However, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Reconsideration is generally appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning, but of apprehension." *York Int'l Corp. v. Liberty Mut. Ins. Co.*, 140 F. Supp. 3d 357, 360–61 (3d Cir. 2015) (quoting *Rohrbach v. AT & T Nassau*

2

*Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)). It may not be used as a means to reargue unsuccessful theories that were presented to the court in the context of the matter previously decided "or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *Id*. at 361 (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). The "motion will not be granted merely because a party is dissatisfied with the court's ruling, nor will a court consider repetitive arguments that were previously asserted and considered." *Frazier v. SCI Med. Dispensary Doctor + 2 Staff Members*, No. 1:07-194, 2009 WL 136724, at *2 (M.D. Pa. Jan. 16, 2009) (collecting cases).

### III. DISCUSSION

At the outset, Local Rule 7.10, M.D.Pa., requires that a motion for reconsideration be filed within fourteen days of an Order. Dyvex certainly knew of the basis of its instant motion at the time of the court's decision. Therefore, Dyvex's motion is untimely by three days and denied as such. *See* Bruno v. Bozzuto's, Inc., 127 F.Supp.3d 275, 279 (M.D.Pa. 2015).

Moreover, the court finds no merit to Dyvex's motion. Dyvex's motion pertains to the court's ruling regarding "the tagging and saving of items of physical evidence following the July 29, 2010 joint fire scene examination" and, it is only seeking reconsideration of the court's decision "to the extent it faults plaintiff for failing to preserve the untagged items appurtenant to the

kneader."

The court considered all of the numerous exhibits submitted by the parties in its lengthy decision, including the September 24, 2010 email to Dyvex from a former attorney for Agilex, John J. Hatzell, who was at the September 23, 2010 Dyvex site visit with Long, which stated: "I know you have been careful about preserving evidence and fully disclosing information relevant to the claim." Dyvex states that the court did not specifically mention this email in its decision and that this email essentially shows that it met its duty to preserve evidence during the tagging process. Dyvex argues that based on this email, it believed that it had properly preserved the evidence and that no further action was required to preserve any other evidence. Thus, Dyvex states that the email is relevant to its degree of fault which the court found to be "relatively high."

The court will not rehash its finding with respect to Dyvex's degree of fault but only points out that it found the parts of the kneader should have been preserved in place as they were immediately after the fire since they were relevant defense evidence despite the fact that Long did not clearly indicate what he meant to be preserved regarding his Tag #4. The court then found that Long's lack of clarity and the fact that Dyvex preserved the kneader machine on-site for examination by Agilex mitigated Dyvex's degree of fault.

Additionally, simply because Agilex's former attorney thought Dyvex had preserved evidence does not in fact mean that it did, as the court concluded

in its decision based on all of the evidence in the record, as opposed to the facts the former counsel was aware of in September 2010. Nor does the opinion of Agilex's prior counsel have any bearing on this court's detailed analysis and determination that Dyvex's conduct amounted to a partial failure to fulfill its duty to preserve all of the potential evidence and that spoliation clearly did occur.

## IV. CONCLUSION

In light of the above, **IT IS HEREBY ORDERED THAT** Dyvex's motion for reconsideration, (Doc. 160), is **DENIED**. The court's February 28, 2018 decision shall not be altered, including its finding regarding the extent it faulted Dyvex for failing to preserve the untagged items appurtenant to the kneader machine. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 15, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-979-11.wpd